-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WENCESLAO AYALA,

               Petitioner,

                                         **ORDER**[1]
v.                                        07-CV-0404S(F)

DALE ARTUS, Superintendent,

               Respondent.

_____

On June 25, 2007, petitioner, Wenceslao Ayala, filed a pro se petition for habeas corpus relief, pursuant to 28 U.S.C. § 2254, and on July 11, 2007, the court (Hon. William M. Skretny) directed respondent to file an answer and memorandum of law in response to the petition. Prior to the filing of an answer, petitioner filed a request to withdraw the petition without prejudice so that he could return to state court and exhaust ineffective assistance of counsel claims. (Docket No. 4).[2] Petitioner also requested that if the petition could not be withdrawn without prejudice to any future submissions, he was requesting that the petition be stayed pending exhaustion of the ineffective assistance of appellate counsel claims. Because a dismissal of petitioner's habeas corpus petition without prejudice to renewal or refiling after exhaustion of state court remedies could jeopardize the timeliness of the petition because a newly filed petition would be subject to the one year period of

_____

[1] This matter has been referred to the undersigned by District Judge William M. Skretny, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), for all proceedings necessary to a determination of the factual and legal issues presented herein, and to prepare and submit a report and recommendation containing findings of fact, conclusions of law and a recommended disposition of the case. (Docket No. 7).

[2] Petitioner's request to withdraw the petition attaches a copy of his application for a writ of error coram nobis he presumably filed with the Appellate Division, Fourth Department.

limitations and the claims raised in the petition may be time barred,[3] see Williams v. Artuz, No. 04 CIV. 2254 LAPKNF, 2004 WL 1048205 (S.D.N.Y., May 07, 2004), the court will deny petitioner's request to withdraw the petition and address petitioner's request for a stay pursuant to Zarvela v. Artuz, 254 F.3d 374, 380-82 (2d Cir.), cert. denied, 534 U.S. 1015 (2001).

The petition raises five grounds for relief: (1) petitioner's statements were admitted into evidence in violation of Miranda; (2) ineffective assistance of trial counsel at sentencing; (3) the trial court's Sandoval ruling was in error and prevented petitioner from testifying at trial; (4) the sentence was unduly harsh and excessive; (5) petitioner's indictment and conviction should have been barred by the statute of limitations; and (6) ineffective assistance of trial counsel.[4] (Docket No. 1, Petition, ¶ 22). The ineffective assistance of appellate counsel claims that petitioner notes in his motion to withdraw or stay the petition is not currently raised in the petition and, therefore, the petition presently before the court is not a "mixed" petition, see Rose v. Lundy, 455 U.S. 509 (1982).

Petitioner's motion for a stay must be denied without prejudice to re-fling within 30 days for two reasons. First, although the court may, in its discretion, stay a habeas case while a petitioner pursues state remedies on unexhausted claims, see Rhines v. Weber,

---

[3]The United States Supreme Court has determined, in Duncan v. Walker, 533 U.S. 167 (2001), that an application for federal habeas corpus review is **not** an "application for State post-conviction or other collateral review," within the meaning of tolling provision of 28 U.S.C. § 2244(d)(2). Accordingly, the time for filing a federal habeas petition is **not** tolled during the pendency of a first federal habeas petition. Thus, a petitioner seeking to withdraw the petition in order to exhaust claims may be foreclosed from coming back to federal court for habeas relief by the statute of limitations because the time for filing a federal habeas petition was **not** tolled for habeas statute of limitations reasons during the pendency of the petition herein.

[4]It appears from the petition that petitioner may be raising the same ineffective assistance of trial counsel claims raised in his pro se supplemental brief on direct appeal to the Appellate Division. (Docket No. 1, Petition, ¶ 22D).

2

544 U.S. 269, 277-78 (2005); *Zarvela*, 254 F.3d at 380-82, the court cannot do so at this time because the stay-and-abeyance procedure is available only when the court is presented with a mixed petition. See *Clancy v. Phillips*, No. 04CV4343KMK, 2005 WL 1560485, at * 6 (S.D.N.Y., July 1, 2005). As noted, however, no mixed petition is present in this case inasmuch as the unexhausted ineffective assistance of counsel claims is not presently pled in the petition.

Second, petitioner has not addressed the standards articulated by the Supreme Court in *Rhines*, 544 U.S. at 277-78, that this court must follow when determining whether a motion for a stay should be granted. In Rhines, the Court held that a stay should be granted only when the district court determines there was "good cause" for petitioner's failure to exhaust his claims first in state court, that the unexhausted claims are not "plainly meritless," and petitioner has not "engaged in intentionally dilatory litigation tactics." *Id.* at 277-78.

Accordingly, petitioner's motion to withdraw the petition or, in the alternative, to stay the petition (Docket No. 4) is **DENIED** without prejudice. If petitioner wishes to request the court to stay the petition so that he can continue to exhaust his state court remedies with respect to his ineffective assistance of counsel claims and add said claims to the petition herein, he must file within **30 days** of receipt of this Order both an amended petition that includes the same exhausted claims presently raised in the petition and the unexhausted ineffective assistance of appellate counsel claims, and a renewed motion for a stay that must meet the requirements set forth in Rhines. Petitioner should also provide the court with a detailed affidavit or declaration that states the basis of the ineffective assistance of

appellate counsel claims and the current status of his state court proceedings regarding said claims.

The Clerk of the Court is directed to forward to petitioner a copy of the petition (not the exhibits) and a Form Petition Under 28 U.S.C. § 2254 For Writ of Habeas Corpus For a Person in State Custody which he shall use for his amended petition.

SO ORDERED.

/s/ Leslie G. Foschio
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: Sept 19, 2007
Buffalo, New York