UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WENCESLAO AYALA,

        Petitioner,

    -v-

DALE ARTUS, Superintendent,
Clinton Correctional Facility,

        Respondent.

---

FILED PS-O-

2008 JUL 23 PM 3:35

U.S. DISTRICT COURT
W.D.N.Y. - BUFFALO

**DECISION AND ORDER**
07-CV-0404-(F)

## INTRODUCTION

Petitioner Wenceslao Ayala, acting *pro se*, seeks to amend a Petition for a Writ of Habeas Corpus by adding a claim of ineffective assistance of appellate counsel. Petitioner also seeks to stay the Petition pending state court exhaustion of this claim. For the reasons set forth below, both requests are denied.

## DISCUSSION

On June 25, 2007, Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging that his convictions in New York State Supreme Court (Erie County) on January 23, 2004 of rape in the first degree, sodomy in the first degree, and robbery in the third degree were unconstitutionally obtained (Docket No. 1).

On July 11, 2007, the Court (Hon. William M. Skretny) directed respondent to file an answer and memorandum of law in response to the Petition. (Docket

No. 3 at p. 1) Before a response was received, Petitioner filed a request seeking to withdraw his Petition without prejudice so that he could exhaust state court ineffective assistance of appellate counsel claims that were not included in the Petition. (Docket No. 4 at p. 1) In his request, Petitioner requested that if the Petition could not be withdrawn without prejudice that it could be stayed for the duration of time that the state court application was pending. *Id.*

Because the dismissal of the Petition could result in a subsequent Petition being time-barred under the one-year statute of limitations for federal habeas review of state court convictions, the court denied Petitioner's request for withdrawal, and construed the request as a Request for a Stay pending state court exhaustion under *Zarvela v. Artuz*, 254 F.3d 374, 380-82 (2d Cir.), *cert. denied*, 534 U.S. 1015 (2001). (Docket No. 8). In *Zarvela*, the second circuit held that when presented with a so-called "mixed petition" of both exhausted and unexhausted claims, a court should stay the petition and allow the petitioner to exhaust the unexhausted claims in state court, and then return to federal court. 254 F.3d at 280-82.

The Court found that Petitioner was not eligible for the stay and abeyance procedure contemplated in *Zarvela* because the Petition did not contain both exhausted and unexhausted state claims. (Docket No. 8, *citing Clancy v. Phillips*, No. 04CV4343KMK, 2005 WL 1560485, *6 (S.D.N.Y. July 1, 2005) (finding the stay and abeyance procedure available only when a court is presented with

mixed petition)). The Court advised Petitioner that if he wished to add the unexhausted ineffective assistance of appellate counsel claim to his Petition, he had to file an amended petition that included this new claim as well as a renewed motion for a stay pending state court exhaustion of this claim. (Docket No. 8) The Court also directed Petitioner to show that there was "good cause" for failing to exhaust this claim in state court, that the claim was not "plainly meritless," and that the Petitioner has not "engaged in intentional dilatory litigation tactics." See Rhines v. Weber, 544 U.S. 269, 277-278 (2005).

Petitioner filed an Amended Petition on October 18, 2007. (Docket No. 12). Because Petitioner did not first move for leave to amend the Petition as directed by Fed. R. Civ. P. 15(a), the Court will construe the Amended Petition as a Motion for Leave to File an Amended Petition.

The Amended Petition does not list the ineffective assistance of appellate counsel claim in paragraph 22, which instructs Petitioner to "[s]tate concisely every ground on which you claim that you are being held unlawfully." (Docket No. 12 at p. 7). In paragraphs 21 and 24, however, Petitioner notes that he filed an error coram nobis application in state court, raising a claim of ineffective assistance of appellate counsel, and that the application is pending. (Docket No. 8 at p. 6, 9) Petitioner has also attached a copy of the New York State Appellate Division's denial of this coram nobis application to his Amended Petition. (Docket No. 12, p. 11-13). Petitioner also included a copy of his application to the New

York State Court of Appeals seeking leave to appeal this decision, dated October 11, 2007.[1] The Court of Appeals denied leave to appeal on December 18, 2007, two months after Petitioner filed the Amended Petition. *People v. Ayala*, 9 N.Y.3d 1004 (2007). (Docket 12 at pp. 14-20).

Affording the Amended Petition the liberal reading due pleadings filed by pro se litigants, the Court will construe the Amended Petition as a Motion to Amend the Petition and to add the ineffective assistance of appellate counsel claim. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The Court will also construe the Petitioner's reference to the ongoing state court action as a Request to Stay the Amended petition, as advised by the Court in its Order denying petitioner's request to withdraw his initial Petition (Docket No. 8). The Petitioner, however, failed to respond to the standards articulated in *Rhines*, 544 U.S. at 277-278, as directed by this Court.

### A. MOTION TO AMEND

#### 1. STATUTE OF LIMITATIONS

The Anti-Terrorism and Effective Death-Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of § 2254 habeas petitions. 28 U.S.C. § 2244(d)(1). This period can be tolled for the time during which a

---

[1] Petitioner seems to have erroneously stated in his Amended Petition that he has not appealed the error coram nobis decision denying his ineffective assistance of appellate counsel claim. (Docket No. 12, ¶ 21). Petitioner sought leave to appeal from the New York Court of Appeals on October 11, 2007, and this appeal was denied on December 18, 2007. *People v. Ayala*, 9 N.Y.3d 1004 (2007).

4

properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. 28 U.S.C. § 2244(d)(2). The Supreme Court has determined that an application for federal habeas corpus review is not an "application for state post-conviction or other collateral review," within the meaning of the tolling provision of 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Petitioner's judgment became final and his time expired to seek further review of his conviction on August 22, 2006, when Petitioner declined to file a petition for a writ of certiorari with the United States Supreme Court within the proscribed 90 day period for seeking review. *Walker v. Artuz*, 208 F.3d 357, 358 (2d Cir. 2000) (holding that petitioner's conviction became final "when his time expired to seek direct review by writ of certiorari to the United States Supreme Court"), *rev'd on other grounds sub nom. Duncan v. Walker*, 533 U.S. at 167. Consequently, absent tolling, any additional claim brought after August 22, 2007 would be barred under AEDPA's one-year statute of limitations unless Petitioner can show that the new claim relates back to the timely filed claims in his instant petition.

## 2. RELATION BACK

A habeas petition can be amended " as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. The Second Circuit has held that Rule 15(c) of the Federal Rules of Civil Procedure governs motions to amend

5

where the statute of limitations for the underlying cause of action has already run. *Fama v. Commissioner of Correctional Services*, 235 F.3d 804, 815 (2d Cir. 2000). Rule 15(c)(1)(B) of the Federal Rules of Civil Procedure states, "[a]n amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."

The Supreme Court has ruled that an amended habeas corpus petition does not relate back when it, "asserts a new ground for relief supported by facts that differ in both *time and type* from those of the original pleading set forth." *Mayle v. Felix*, 545 U.S. 644, 650 (2005) (emphasis added). In *Mayle*, the Court ruled that "[s]o long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." *Id.* at 664. The Court specifically rejected the notion that an amended petition qualifies for relation back because both it and the original petition stem from the same trial and conviction. *Id.* at 650. The Court further noted that to allow such a broad interpretation would permit any new claim for habeas corpus relief to relate back to an original petition. *Id.* at 656-57.

Petitioner has failed to demonstrate that the ineffective assistance of appellate counsel claim that he wishes to add is of the same time and type as those asserted in the Petition. Petitioner alleges that his appellate counsel failed

6

to raise an ineffective trial counsel claim, and failed to investigate or raise a statute of limitations defense. (Docket No. 12 at ¶ 24(D)(1)–(2))   The Amended Petition's ineffective appellate counsel claims, while similar in structure to the ineffective trial counsel claims raised in the instant Petition, involve core facts that differ in both time and type from those alleged in the Petition. The Petition cites facts and circumstances from the criminal trial, while the Amended Petition cites facts and circumstances from the appeal. Both involve a separate set of facts, from separate periods of time. Petitioner has not met the *Mayle* standard.

This Court similarly dismissed a new claim asserted in an amended petition in *Valerio v. Phillips*, No. 02-CV-903(RJA)(VEB), 2007 WL 4191817, at *11-*13 (W.D.N.Y. November 21, 2007). In *Valerio*, the petitioner sought to amend a habeas petition with new claims brought after the AEDPA one-year statute of limitations had expired. *Id.* at *1. The new claims were based upon ineffective assistance of trial counsel prior to trial, whereas the earlier claims were based upon trial counsel's actions at trial. *Id.* The court ruled that the new claim did to relate back to the pervious claim because the claims differed in both time and type. *Id.* at *6. Petitioner's claims herein, stemming from a trial and its subsequent appeal, are further removed in time and type than those in *Valerio*, where the claims stemmed from the trial only.

This Court has held that an ineffective assistance of appellate counsel claim relates back to an earlier ineffective assistance of trial counsel claim where

7

the core facts constituting the alleged ineffective assistance are the same. *Pratt v. Upstate Correctional Facility*, 413 F. Supp. 2d 228, 237 (W.D.N.Y. 2006). In *Pratt*, the petitioner raised an ineffective assistance of trial counsel claim alleging that his trial counsel had a conflict of interest at trial. *Id.* The petitioner then sought to amend this petition after ADEPA's one year statute of limitations had expired by adding a claim that appellate counsel had failed to raise the ineffective assistance of trial counsel claim on appeal. *Id.* The Court held that the later claim related back to the former claim because both shared the same common core of operative facts; both related to trial counsel's alleged conflict of interest. *Id.*

Unlike the claims raised in *Pratt*, the ineffective assistance of appellate counsel claims that Petitioner seeks to add to the instant Petition do not share the same core of operative facts as the ineffective assistance of trial counsel claim raised in the Petition. In the Petition, Petitioner supports his ineffective assistance of trial counsel claim by alleging that his counsel took a position adverse to him at sentencing regarding being sentenced as a second violent felony offender. (Docket No. 1 at ¶ 22(B)). In his Amended Petition[2], Petitioner lists two grounds for ineffective assistance of appellate counsel: (1) failing to raise an ineffective assistance of trial counsel claim for trial counsel's alleged failure to

---

[2] As discussed at p. 4, *supra*, Petitioner did not state this new claim explicitly in his Amended Petition, but he raised it in his application for leave to appeal to the New York Court of Appeals that he has attached to his Amended Petition.

8

investigate the police and the prosecution's alleged inadequate investigation of the crime; and (2) for failing to raise an ineffective assistance of trial counsel claim for trial counsel's failure to raise a statute of limitations defense. (Docket No. 12 at p. 15). These facts do not relate in any way to the facts alleged in the Petition.

Because the new claim does not share the same common core of operative facts as any claim plead in the Petition, this Court finds that the new claim does not meet the time and type standard set forth in *Mayle*, and that it does not relate back those claims raised in the Petition. Without the benefit of relation back to claims in the instant Petition, the additional claim must be dismissed as untimely under 28 U.S.C. § 2242.

### B. STAY AND ABEYANCE

Petitioner's request for a stay is denied as moot because the Motion to Amend adding the unexhausted state claim upon which the stay was predicated will be denied. Further, during the time that this case was pending, Petitioner fully exhausted this claim when the New York Court of Appeals denied leave to appeal from the Appellate Division's denial of his application for a writ of error coram nobis on December 18, 2007. *Ayala*, 9 N.Y.3d at 1004.

## CONCLUSION

The Court construes Petitioner's Amended Petition as a Motion to Amend the Petition (Docket No. 1), and denies it. Petitioner's Motion for a Stay is denied as moot.

## ORDER

IT HEREBY IS ORDERED, that the Amended Petition is construed as a Motion to Amend the Petition, and is denied;

FURTHER, that the request to stay the Petition is dismissed as moot.

IT IS SO ORDERED.

```
                                    /s/ Richard J. Arcara
                                    _____
                                    HONORABLE RICHARD J. ARCARA
                                    CHIEF JUDGE
                                    UNITED STATES DISTRICT COURT
```

Dated: July 23, 2008